UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION

LINDA HAMILTON,

    Plaintiff,

vs.                                CASE NO:  07-1355-WEB-KMH

CLIFTON SQUARE, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Linda Hamilton ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Clifton Square, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans With Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the District of Kansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Kansas.

3. Plaintiff, Linda Hamilton (hereinafter referred to as "Hamilton") is a resident of the State of Kansas and is a qualified individual with a disability under the ADA. Hamilton suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from quadriplegia and requires the use of a wheelchair for mobility and has

limited use of her upper extremities.  Prior to instituting the instant action, Hamilton visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA.  Hamilton continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Clifton Square, LLC, is a limited liability corporation registered to do business and, in fact, conducting business in the State of Kansas.  Upon information and belief, Clifton Square, LLC (hereinafter referred to as "Clifton") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Clifton Square shopping center located at 3700 East Douglas Street, Wichita, Kansas (hereinafter referred to as the "Shopping Center").

5. All events giving rise to this lawsuit occurred in the District of Kansas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shopping Center owned by Clifton is a place of public accommodation in that it is a retail shopping center operated by a private entity that provides goods and services to the public.

8. Defendant Clifton, has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal

enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C §12101 *et seq*.

    9.    The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center owned by Clifton.  Prior to the filing of this lawsuit, Plaintiff visited the Shopping Center at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact.  In addition, Plaintiff continues to desire and intends to visit the Shopping Center, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Shopping Center in violation of the ADA.  Hamilton has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

    10.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

    11.    Clifton is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    (i)    An insufficient number of accessible parking spaces is provided;

    (ii)    The curb ramp at the accessible parking space protrudes into the access aisle creating a slope ratio in excess of 2%;

    (iii)    An accessible entrance is not provided into Foggy Bottom and building 3035;

    (iv)    The ramp to access Garden Reflections is blocked by wheelstop that prevents a wheelchair user from accessing the ramp;

    (v)    The threshold leading from the parking lot to the transition onto the sidewalk in front of Painted Cottage is too steep;

(vi)  There is a threshold/change in level leading into Everyday Gourmet that is approximately 2 to 3 inches;

(vii) No access is provided to the two building where characters from The Wizard of Oz share the common courtyard.

12. There are other current barriers to access and violations of the ADA at the Shopping Center owned and operated by Clifton that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Clifton was required to make its Shopping Center, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Clifton has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Clifton pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Clifton and requests the following injunctive and declaratory relief:

      A.      That the Court declare that the property owned and administered by Clifton Square, LLC is violative of the ADA;

      B.      That the Court enter an Order directing Clifton Square, LLC to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

      C.      That the Court enter an Order directing Clifton Square, LLC to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

      D.      That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

      E.      That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted this __14__ day of __November__ 2007.

s/Lawrence W. Williamson

| | |
|---|---|
| Lawrence W. Williamson, Jr. | Edward I. Zwilling, Esq. |
| Kansas State Bar No.: 21282 | Ala. Bar No. ASB-1564-D54E |
| Williamson Law Firm, LLC | Schwartz Zweben & Slingbaum, LLP |
| 816 Ann Avenue | 600 Vestavia Parkway |
| Kansas City, Kansas 66101 | Suite 251 |
| Telephone: (913) 871-7060 | Birmingham, Alabama 35223 |
| Facsimile: (913) 535-0736 | Telephone: (205) 822-2701 |
| Email: | Facsimile: (205) 822-2702 |
| l.williamson@williamsonfirm.com | Email: ezwilling@szalaw.com |